IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DATASEERS INCORPORATED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUTTON BANK AND ) <br> GOiDENTIFY, LLC ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action File No.: <br><br> 1:25-cv-06261-MLB |

## **FIRST AMENDED COMPLAINT**

DataSeers Incorporated ("Plaintiff") brings this Complaint against Sutton Bank ("Defendant Bank") and GOiDENTIFY, LLC ("Defendant LLC" and together with Defendant Bank, the "Defendants") for misappropriation of trade secrets, unfair and deceptive trade practices, breach of contract, and tortious interference with business relations and respectfully shows this Court as follows:

### **The Parties**

1. Plaintiff is a corporation organized and existing under the laws of the State of Georgia with its principal office located at 3025 Windward Plaza, Suite 150, Alpharetta, Georgia 30005.

2. Defendant Bank is a for-profit corporation organized and existing under

1

the laws of the state of Ohio with an address of 1 South Main Street, Attica, Ohio 44807.

3. Defendant LLC is a limited liability company organized and existing under the laws of the State of Oklahoma with an address of 110 South Hartford Avenue, Suite 2509, Tulsa, Oklahoma 74120.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 18 U.S.C. § 1836 and 28 U.S.C. §§ 1331, 1332, and 1338. Subject matter jurisdiction over Plaintiff's related state and common law claims is proper under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendants because Defendants have intentionally caused harm to Plaintiff in the State of Georgia.

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## Factual Allegations

7. Plaintiff is a SaaS company that works with banks, fintechs, and payment providers to provide innovative solutions to their operational challenges.

8. Plaintiff's proprietary FinanSeer® suite of products (the "FinanSeer® Products") harnesses the power of artificial intelligence to consolidate compliance, reconciliation, fraud, and analytics services for financial institutions into a single,

convenient data solution.

9. Plaintiff's FinanSeer® Products have transformed the financial industry, and Plaintiff's customers have used them with great success.

10. One such customer of Plaintiff's FinanSeer® Products and designs is Defendant Bank. Plaintiff and Defendant Bank are parties to multiple agreements outlining their relationship and their obligations to one another, including an agreement dated February 1, 2021. The terms of the agreement include the obligation to keep confidential any confidential information about the other's products, services, or business to which they may gain access.

11. Plaintiff has taken extensive measures to safeguard the source code, architecture, technology, system workflows, database design, and data processing logic underlying its FinanSeer® Products, which are not public and constitute trade secrets (the "Trade Secrets").

12. These Trade Secrets are integral to the FinanSeer® Products, designs, and have helped Plaintiff attain its status as a major player in the industry. Plaintiff gains significant clients and capital because of its Trade Secrets.

13. Notwithstanding Plaintiff's ownership of and exclusive rights in the FinanSeer® Products, designs and underlying Trade Secrets and notwithstanding Plaintiff's agreements with Defendant Bank, Plaintiff has become aware that Defendant Bank has launched an initiative to develop a similar product to the

FinanSeer® Products and designs, in conjunction with Defendant LLC (the "Infringing Product"). The Infringing Product bears striking similarity to the FinanSeer® Products and designs. Indeed, the Infringing Product's specifications and design match those of the FinanSeer® Products.

14. This is no mere coincidence. Defendant LLC admits that its developer "accidentally" copied Plaintiff's source code for the Infringing Product. Defendants have blatantly stolen and are using Plaintiff's Trade Secrets for their own gain and to the disadvantage of Plaintiff.

15. On information and belief, Defendants had the opportunity to access and dissect Plaintiff's FinanSeer® Products and designs, and to steal Plaintiff's Trade Secrets due to Defendant Bank's status as a client of Plaintiff's products.

16. To add insult to injury, on information and belief, Defendant LLC has been telling Plaintiff's clients and other financial institutions that could reasonably become Plaintiff's clients not to work with Plaintiff because Plaintiff's products do not work and Defendant LLC can provide a better service.

17. Defendants' unlawful behavior has caused and is continuing to cause Plaintiff substantial harm, including lost business opportunities.

## COUNT I
## Federal and State Misappropriation of Trade Secrets

18. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

4

19. Plaintiff owns Trade Secrets underlying its proprietary FinanSeer® Products.

20. Plaintiff's Trade Secrets are not known to the public.

21. Plaintiff's Trade Secrets have helped Plaintiff attain its status as a major player in the industry, and Plaintiff gains significant clients and capital because of its Trade Secrets.

22. Defendant LLC admits copying Plaintiff's Trade Secrets for the Infringing Product, and Defendant Bank hints at using Plaintiff's Trade Secrets for the Infringing Product. Defendants' theft of Plaintiff's Trade Secrets has allowed Defendant LLC to spin up a copycat business and to lure Plaintiff's clients and potential clients to Defendant LLC.

23. Plaintiff has suffered and continues to suffer substantial harm due to Defendants' actions.

24. Defendants' wrongful conduct constitutes theft of Plaintiff's trade secrets in violation of 18 U.S.C. §§ 1832 and 1836 and O.C.G.A. § 10-1-760, et seq., and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, exemplary damages, costs, and reasonable attorneys' fees under 18 U.S.C. § 1836 and O.C.G.A. §§ 13-6-11 and 51-12-5.1.

## COUNT II
### State Unfair and Deceptive Trade Practices

25. Plaintiff repeats and realleges the allegations in the preceding

5

paragraphs as if fully set forth herein.

26. Defendants stole Plaintiff's Trade Secrets to create their Infringing Product. Further, Defendant LLC has been telling Plaintiff's clients and other financial institutions that could reasonably become Plaintiff's clients not to work with Plaintiff because Plaintiff's products do not work and Defendant LLC can provide a better service.

27. Defendants' conduct constitutes unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce in violation of O.C.G.A. § 10-1-393(a) and deceptive trade practices in violation of O.C.G.A. § 10-1-372(a).

28. Defendants have acted in bad faith, and Plaintiff is entitled to injunctive relief and to recover damages, punitive damages, treble damages, costs, and reasonable attorneys' fees under O.C.G.A. §§ 10-1-373, 10-1-399, 13-6-11, and 51-12-5.1.

## COUNT III
### Breach of Contract – Defendant Bank

29. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

30. As one of Plaintiff's customers, Defendant Bank executed an agreement with Plaintiff dated February 1, 2021.

31. The agreement is a valid contract and is supported by adequate

6

consideration.

32. In that agreement, Defendant Bank agreed not to disclose any confidential information about Plaintiff's products, services, or business to which Defendant Bank may gain access through its status as a customer.

33. Defendant Bank breached this agreement by disclosing confidential information about Plaintiff's products, services, and/or business, including Plaintiff's Trade Secrets, to Defendant LLC.

34. Defendant Bank's breach of its contractual obligations has damaged Plaintiff in an amount to be determined at trial. However, Plaintiff is at minimum entitled to injunctive relief, an accounting of Defendant Bank's profits, damages, and costs.

35. Further, because Defendant Bank has acted in bad faith and because of the need to deter Defendant Bank from engaging in similar conduct in the future, Plaintiff is entitled to punitive damages, including but not limited to damages under O.C.G.A. § 51-12-5.1.

## COUNT IV
### Tortious Interference with Business Relations – Defendant LLC

36. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

37. Defendant LLC has been telling Plaintiff's clients and other financial institutions that could reasonably become Plaintiff's clients not to work with

Plaintiff because Plaintiff's products do not work and Defendant LLC can provide a better service.

38. Defendant LLC intentionally interfered with existing and potential economic relations that Plaintiff had, causing Plaintiff's clients and potential clients not to enter into anticipated relationships with Plaintiff.

39. As a result of Defendant LLC's acts, Plaintiff has been damaged in an amount to be determined at trial. However, Plaintiff is at minimum entitled to injunctive relief, an accounting of Defendant LLC's profits, damages, and costs.

40. Further, because Defendant LLC has acted in bad faith and because of the need to deter Defendant LLC from engaging in similar conduct in the future, Plaintiff is entitled to punitive damages, including but not limited to damages under O.C.G.A. § 51-12-5.1.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

(a) Defendants and all persons acting on Defendants' behalf be enjoined preliminarily and permanently from:

    1. Further using or disclosing Plaintiff's Trade Secrets;

    2. Selling the Infringing Product; and

   3. Contacting Plaintiff's clients and potential clients;

(b) Defendants be ordered to turn over to the Court the Infringing Product, including but not limited to all source code, object code, and files related to the Infringing Product;

(c) The Infringing Product be ordered to be destroyed;

(d) Defendants be compelled to account to Plaintiff for any and all profits derived by Defendants from the acts forming the basis of this Complaint;

(e) Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint;

(f) The damages awarded for Defendants' misappropriation of Plaintiff's Trade Secrets be doubled as provided for by 18 U.S.C. § 1836 in light of Defendants' willful and malicious conduct;

(g) The damages awarded for Defendants' unfair and deceptive trade practices be trebled as provided for by O.C.G.A. § 10-1-399 in light of Defendants' intentional conduct;

(h) Plaintiff be awarded punitive damages, including but not limited to damages under O.C.G.A. § 10-1-399 and O.C.G.A. § 51-12-5.1 in light of Defendants' willful misconduct and to deter such conduct in the future;

(i) Defendants be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 18 U.S.C. § 1836, 17

U.S.C. § 505, O.C.G.A. § 10-1-399, and O.C.G.A. § 13-6-11;

(j) Plaintiff be awarded prejudgment and post-judgment interest on all damages at the highest rate allowed by the law from the date of injury until paid in full; and

(k) Plaintiff be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted this 17th day of November, 2025.

> */s/ Melanie K. Lane*
> Zachary C. Eyster
> GA Bar No.: 192335
> Robin Gentry
> GA Bar No.: 289899
> Kennington R. Groff
> GA Bar No.: 782901
> Melanie K. Lane
> GA Bar No.: 831941
>
> BEKIARES ELIEZER, LLP
> 2870 Peachtree Rd. #512
> Atlanta, Georgia 30305
> Telephone: (404) 537-3686
> zeyster@founderslegal.com
> rgentry@founderslegal.com
> kgroff@founderslegal.com
> mlane@founderslegal.com
>
> *Attorneys for Plaintiff*