IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DATASEERS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>SUTTON BANK AND GOIDENTIFY, LLC,<br><br>Defendants. | ) | Civil Action File No.:<br><br>1:25-cv-06261-MLB |

**PLAINTIFF DATASEERS INCORPORATED'S OPPOSITION TO DEFENDANT GOIDENTIFY LLC'S MOTION TO DISMISS**

Plaintiff Dataseers Incorporated ("DataSeers") files this opposition to Defendant GOiDENTIFY, LLC's ("Defendant LLC") Motion to Dismiss.

## I. INTRODUCTION

Defendant LLC seeks to dismiss this action for lack of personal jurisdiction and DataSeers's alleged failure to state valid claims for misappropriation of trade secrets, unfair and deceptive trade practices, and tortious interference with a business relationship. As discussed below, DataSeers disputes Defendant LLC's claim that this Court lacks personal jurisdiction. Should the Court believe that DataSeers has not shown sufficient facts to confer jurisdiction, DataSeers requests leave to obtain jurisdictional discovery. Further, DataSeers's Complaint and First Amended

Complaint (collectively, the "Complaint") provide sufficient information to state valid claims and to provide Defendant LLC with sufficient notice regarding DataSeers's claims. However, to the extent that the Court requires additional detail or clarification regarding DataSeers's factual allegations, DataSeers requests leave to amend the Complaint.

## II. DATASEERS REQUESTS LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY REGARDING PERSONAL JURISDICTION

A plaintiff bears the initial burden of making out a prima facie case of personal jurisdiction over a nonresident defendant. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010). Where jurisdictional facts are disputed, however, courts routinely permit limited jurisdictional discovery before ruling on a motion to dismiss for lack of personal jurisdiction. "The United States Court of Appeals for the Eleventh Circuit long has recognized a qualified right to jurisdictional discovery." *Seiz v. Quirk*, No. 4:12-CV-272-HLM, 2013 WL 12290850 (N.D. Ga. Jan. 3, 2013).

This Court has jurisdiction over Defendant LLC under the Georgia Long Arm Statute if Defendant LLC

> [c]ommits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

O.C.G.A. § 9-10-91(3). In its Complaint, DataSeers alleged that this Court has personal jurisdiction over Defendant LLC because Defendant LLC "intentionally caused harm to Plaintiff in the State of Georgia." Dkt. 9 at ¶ 5. DataSeers has sufficiently alleged that Defendant LLC, an Oklahoma limited liability company, has committed a tortious injury in this state.

In its Motion, Defendant LLC claims to have zero contacts with Georgia. It alleges that it "does not have, and has never had any customers in Georgia," "has not derived any revenue from goods sold or services rendered in Georgia," and "does not direct advertising or marketing specifically toward Georgia residents." Dkt. 24 at 5.

Defendant LLC claims it is in the data engineering business and that it services numerous banks across the country. Indeed, there is no question that Defendant LLC solicits business from anyone within reach of Defendant LLC's website, https://www.goidentify.com/. On multiple pages of its website, Defendant LLC requests that visitors to its website book a callor inviting them to talk or get in touch to learn more about Defendant LLC's services. Ex. 1; Ex. 2 at pg. 1, 2; Ex. 3 at pg. 1, 3-4. On its webpages, Defendant LLC states that it is looking to partner with "ambitious banks around the world." Ex. 1; Ex. 2 at pg. 2; Ex. 3 at pg. 3. Defendant LLC also touts the fact that it has "25+ *active* client banks *across* the country." Ex. 1 (emphasis added).

Therefore, given the nature of Defendant LLC's business and the fact that it is located in Oklahoma but has customers in states throughout the U.S., including states surrounding Georgia, DataSeers requests leave to conduct limited jurisdictional discovery to test Defendant LLC's claims that it has never directly solicited business from, advertised to, or marketed to any potential customers in Georgia.

DataSeers seeks limited jurisdictional discovery to inquire into Defendant LLC's Georgia related contacts, including Defendant LLC's business development efforts, marketing efforts, and any resulting contracts or potential contracts related to Georgia residents. This information is highly relevant to this Court's jurisdiction over Defendant LLC and is within Defendant LLC's exclusive knowledge. Therefore, allowing DataSeers to conduct limited jurisdictional discovery is appropriate in this case. *Seiz v. Quirk*, No. 4:12-CV-272-HLM, 2013 WL 12290850 (N.D. Ga. Jan. 3, 2013).

Indeed, such discovery may reveal that Defendant LLC transacts business in this state sufficient to satisfy the "transacts business" provision of the long arm statute (O.C.G.A. § 9-10-91(1)) given the extremely broad reading of that statute. Interpreting O.C.G.A. § 9-10-91(1) literally, the term "transacts any business" means that a non-resident defendant purposefully takes some act or consummates some transaction in Georgia, even though the defendant may never have physically

set foot in Georgia. *See Diamond Crystal Brands, Inc.*, 593 F.3d at 1264 (holding O.C.G.A. § 9-10-91(1) satisfied where a non-resident defendant never entered Georgia but sent purchase orders to a specific Georgia manufacturer, requested delivery by third-party pick up, and promised to pay money into Georgia); *see also Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 620 S.E.2d 352, 355–56 (Ga. 2005) (evaluating the defendant's mail, telephone calls, and other "intangible" acts, "though occurring while the defendant is physically present outside of Georgia").

## III. COUNTS I, II, AND IV SUFFICIENTLY STATE CLAIMS

To survive a motion to dismiss, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely[.]'" *Twombly*, 550 U.S. at 556 (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)). The allegations need only be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations are not required." *Anthony v. Concrete Supply Co., Inc.*, 241 F. Supp. 3d 1342, 1344 (N.D. Ga. 2017) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012)). Under notice pleading, the plaintiff need only give the defendant fair notice

of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

"It is settled that 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely.'" *Anthony*, 241 F. Supp. 3d at 1344 (citing *Twombly*, 550 U.S. at 556). In determining whether the allegations state a claim, the Court must construe the complaint liberally, accept all factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 555.

"[M]otions to dismiss for failure to state a claim should be denied unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of its claims. A complaint must not be dismissed unless it is shown that plaintiff can prove no set of facts in support of this claim, which would entitle him to relief. Thus the movant sustains a very high burden." *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

**A. The Complaint States a Valid Claim for Misappropriation of Trade Secrets (Count I)**

Despite Defendant LLC's contentions, the Complaint states a valid claim for misappropriation of trade secrets under the Federal Defend Trade Secrets Act ("DTSA") and the Georgia Trade Secrets Act ("GTSA"). "To state a claim under DTSA or GTSA, Plaintiff must first identify a plausible trade secret." *RoadSync, Inc. v. Relay Payments, Inc.*, No. 1:21-cv-3420-MLB, 2022 WL 4715656, at *2

(N.D. Ga. Sept. 30, 2022). "Information qualifies as a trade secret if '(A) the owner thereof has taken reasonable measures to keep such information secret; and (B) the information derives independent economic value . . . from not being generally known to, and not being readily ascertainable through proper means by, another person.'" *Id.* (citing 18 U.S.C. § 1839(3) and O.C.G.A. § 10-1-761(4)). "[W]hether something is a trade secret is a question typically resolved by a fact finder after full presentation of evidence from each side." *Id.*

Once a plaintiff has established the existence of a trade secret, it must show that the defendant misappropriated the trade secret. *Id.* at *5. A plaintiff can allege misappropriation by alleging that the defendant acquired the trade secret and knew or had reason to know that the trade secret was acquired by improper means. 18 U.S.C. § 1839(5); O.C.G.A. § 10-1-761(2).

Here, the Complaint sufficiently alleges the existence of a trade secret. The Complaint clearly outlines specific information that DataSeers takes reasonable measures to keep secret, namely, "the source code, architecture, technology, system workflows, database design, and data processing logic underlying its FinanSeer® Products" that DataSeers "has taken extensive measures to safeguard." Dkt. 9 ¶ 11. Although Defendant LLC decries this description as too vague, relying on this Court's reasoning in *RoadSync, Inc. v. Relay Payments, Inc.*, DataSeers's description of its Trade Secrets is no more vague than the "source code for RoadSync's

Checkout (including its Remote Checkout and robodialer functionality) and related software (including the 'paycodes' functionality used for Remote Checkout)" found to be sufficiently specific in the case on which Defendant LLC relies. As *RoadSync* explains, "plaintiffs need only allege 'the general nature of [any] Software' or related computer information for which they seek trade-secret protection," which DataSeers has done. *RoadSync, Inc.*, 2022 WL 4715656 at *3. Further, the Complaint alleges that the information derives economic value from not generally being known or ascertainable. *See* Dkt. 9 ¶ 12. Specifically, DataSeers alleges that its Trade Secrets have helped DataSeers "attain its status as a major player in the industry" and that DataSeers "gains significant clients and capital because of its Trade Secrets." *Id.* Thus, the Complaint alleges plausible trade secrets.

Next, the Complaint sufficiently alleges misappropriation of those trade secrets. The Complaint alleges that Defendant LLC stole DataSeers's Trade Secrets. Dkt. 9 ¶ 14. This assertion implicitly alleges that Defendant LLC "acquired [DataSeers's Trade Secrets] and knew or had reason to know that the [Trade Secrets were] acquired by improper means," namely, Defendant LLC's theft. *See* 18 U.S.C. § 1839(5); O.C.G.A. § 10-1-761(2).

The Complaint provides "a short and plain statement of [DataSeers's misappropriation of trade secrets] claim" and provides Defendant LLC with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the Complaint states a valid claim for misappropriation of trade secrets, and this claim should not be dismissed.

**B. The Complaint States a Valid Claim for Unfair and Deceptive Trade Practices (Count II), Which Is Not Preempted by the GTSA**

Defendant LLC argues that Count II for unfair and deceptive trade practices fails to state a claim and is preempted by the GTSA. Dkt. 24 at 11-21. Defendant LLC is wrong.

1. The Complaint States a Valid Claim for Unfair and Deceptive Trade Practices

To state a claim for unfair and deceptive trade practices, a plaintiff must allege that it is "likely to be damaged by a deceptive trade practice of another." O.C.G.A. § 10-1-373(a). Deceptive trade practices include "[d]isparag[ing] the goods, services, or business of another by false or misleading representation of fact" and "[e]ngag[ing] in any other conduct which similarly creates a likelihood of confusion or of misunderstanding." O.C.G.A. § 10-1-372(a)(8), (12).

The Complaint alleges that "Defendant LLC has been telling Plaintiff's clients and other financial institutions that could reasonably become Plaintiff's clients not to work with Plaintiff because Plaintiff's products do not work . . . ," Dkt. 9 ¶¶ 16, 26, which is a false statement that disparages DataSeers's products. The Complaint further alleges that Defendant LLC used DataSeers's Trade Secrets to create an infringing product that is strikingly similar to DataSeers's proprietary FinanSeer®

Products, *id.* at ¶¶ 13, 14, 26, which is conduct that creates a likelihood of misunderstanding as to the true origin of the product and its underlying Trade Secrets. Finally, the Complaint alleges that Defendant LLC's conduct "has caused and is continuing to cause Plaintiff substantial harm, including lost business opportunities." *Id.* at ¶ 17. Because DataSeers has already been damaged and continues to be damaged by Defendant LLC's conduct, it is clear that DataSeers is likely to be damaged by the conduct.

Defendant LLC also takes issue with DataSeers's allegations "on information and belief" regarding Defendant LLC's statements to DataSeers's customers and potential customers. Dkt. 9 at ¶¶ 15–16. Those are not mere conclusory allegations, however. Rather, the allegations are based on information told to DataSeers by a bank. DataSeers alleged that Defendant LLC made the statements "on information and belief" because DataSeers does not have direct knowledge of Defendant LLC making the statements but believes this information to be true in light of Defendant LLC's other conduct.

Moreover, DataSeers "builds a basis for this allegation" through its allegations of Defendant LLC's other improper conduct throughout the Complaint. *REPAY Mgmt. Servs. LLC v. Loscavio*, No. 1:24-CV-3927-SEG, 2025 WL 3268858, *5 (N.D. Ga. Sept. 12, 2025). The Complaint alleges that Defendant LLC stole DataSeers's Trade Secrets (Dkt. 9 ¶ 14), created an infringing and competing product

that is strikingly similar to DataSeers's flagship products (*id.* ¶ 13), spun up a copycat business (*id.* ¶ 22), and lured DataSeers's clients and potential clients to Defendant LLC (*id.*). These allegations taken together suggest an ongoing plan by Defendant LLC to steal DataSeers's business and clients. It is plausible that, under these facts, Defendant LLC would also make the alleged statements to DataSeers's clients and potential clients in furtherance of that plan. Two allegations based on information and belief with supporting factual allegations do not make the entirety of DataSeers's claim for unfair and deceptive trade practices implausible under *Twombly.*

The Complaint provides "a short and plain statement of [DataSeers's unfair and deceptive trade practices] claim" and provides Defendant LLC with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the Complaint states a valid claim for unfair and deceptive trade practices, and this claim should not be dismissed.

2. Count II Is Not Preempted by the GTSA

DataSeers's unfair and deceptive trade practices claim is not preempted by the GTSA because it is not based upon the misappropriation of a trade secret. The GTSA provides that the statute "shall supersede conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret." O.C.G.A. § 10-1-767(b). However, the preemption clause specifically does not apply

to "[o]ther civil remedies that are not based upon misappropriation of a trade secret." *Id.*

In determining whether a claim is preempted by the GTSA, the "key inquiry is whether the same factual allegations are being used to obtain relief outside of the GTSA." *Amendia, Inc. v. Omni Surgical, LLC*, 2012 WL 13014953, * 3 (N.D. Ga. Sept. 25, 2012) (quoting *Robbins v. Supermarket Equip., Sales, LLC.*, 290 Ga. 462 (2012)). "[S]ome overlap" of facts is not fatal to claims, so long as there are facts that do not underly the misappropriation of trade secret claims. *Id.* at * 4.

Here, DataSeers's claim for unfair and deceptive trade practices rests on allegations that do not underly its misappropriation of trade secrets claim. DataSeers's misappropriation of trade secrets claim is about Defendant LLC's theft of DataSeers's Trade Secrets, while DataSeers's claim for unfair and deceptive trade practices takes aim at what Defendant LLC *did* with the stolen Trade Secrets—namely, the creation of its infringing product. The unfair and deceptive trade practices claim also alleges disparaging statements to third parties, which do not form the basis of the claim for misappropriation. Thus, DataSeers's unfair and deceptive trade practices claim is not preempted by the GTSA.

### C. The Complaint States a Valid Claim for Tortious Interference with a Business Relationship (Count IV)

To state a claim for tortious interference with a business relationship, a plaintiff must allege:

> (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

*Schwieterman v. Caterpillar Inc.*, No. 1:20-CV-2611-SCJ, 2021 WL 3026958, *8 (N.D. Ga. July 9, 2021). "[I]mproper conduct means wrongful action that generally involves . . . misrepresentation . . . ," among other things. *Id.* at *9.

Here, the Complaint alleges (1) that "Defendant LLC has been telling Plaintiff's clients and other financial institutions that could reasonably become Plaintiff's clients not to work with Plaintiff because Plaintiff's products do not work and Defendant LLC can provide a better service,"[1] Dkt. 9 ¶ 37, which is a misrepresentation; (2) that "Defendant LLC intentionally interfered with existing and potential economic relations that Plaintiff had" and that "Defendant LLC has acted in bad faith," *id.* ¶¶ 38, 40; (3) that Defendant LLC "caus[ed] Plaintiff's clients and potential clients not to enter into anticipated relationships with Plaintiff," *id.* ¶ 38; and (4) that "[a]s a result of Defendant LLC's acts, Plaintiff has been damaged in an amount to be determined at trial," *id.* ¶ 39.

The Complaint provides "a short and plain statement of [DataSeers's tortious

---

[1] DataSeers explained the allegation made on information and belief about Defendant LLC's statements to DataSeers's clients and potential clients in the section about its unfair and deceptive trade practices claim.

interference with a business relationship] claim" and provides Defendant LLC with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the Complaint states a valid claim for tortious interference with a business relationship, and this claim should not be dismissed.

## IV. CONCLUSION

For the foregoing reasons, DataSeers respectfully requests that Defendant LLC's Motion to Dismiss be denied. First, it is not clear that personal jurisdiction is lacking, as there are jurisdictional facts in dispute. Second, DataSeers has alleged sufficient facts in support of its claims, and DataSeers's "complaint must not be dismissed unless it is shown that [DataSeers] can prove no set of facts in support of [its] claim, which would entitle [DataSeers] to relief." *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

Respectfully submitted this 15th day of January, 2026.

/s/ Melanie K. Lane
Zachary C. Eyster
GA Bar No.: 192335
Robin Gentry
GA Bar No.: 289899
Kennington Groff
GA Bar No.: 782901
Melanie K. Lane
GA Bar No.: 831941
BEKIARES ELIEZER, LLP
2870 Peachtree Rd. #512
Atlanta, Georgia 30305

Telephone: (404) 537-3686
zeyster@founderslegal.com
rgentry@founderslegal.com
kgroff@founderslegal.com
mlane@founderslegal.com
*Attorneys for Plaintiff*
*DataSeers Incorporated*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using font type of Times New Roman and a point size of 14.

Dated: January 15, 2026

/s/ Melanie K. Lane
Melanie K. Lane

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DATASEERS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>SUTTON BANK AND GOIDENTIFY, LLC,<br><br>Defendants. | ) | Civil Action File No.:<br><br>1:25-cv-06261-MLB |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing PLAINTIFF DATASEERS INCORPORATED'S OPPOSITION TO DEFENDANT GOIDENTIFY LLC'S MOTION TO DISMISS was filed with the Clerk of Court on the date stated below using the CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of such filing to opposing counsel of record.

Dated: January 15, 2026

Melanie K. Lane