# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DATASEERS INCORPORATED,

    Plaintiff,

 v.

SUTTON BANK AND
GOIDENTIFY, LLC,

    Defendants.

Case No.: 1:25-cv-06261-MLB

## DEFENDANT GOIDENTIFY, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS [DOC. 24]

# **TABLE OF CONTENTS**

I.      PERSONAL JURISDICTION.........................................................................1

   A. DataSeers fails to allege sufficient facts to establish jurisdiction. ..................1

   B. Jurisdictional discovery is not warranted .........................................................3

II.     FAILURE TO STATE A CLAIM. ...................................................................5

   A. Count I does not plead a plausible trade secret claim .......................................5

      1.   The Complaint does not sufficiently allege existence of a trade secret. ...5

      2.   The Complaint does not sufficiently allege misappropriation. .................6

   B. Counts II and IV do not state claims for relief. ................................................7

      1.   Count II is preempted to the extent it is based on misappropriation.........8

      2.   Statement about "better service" is a non-actionable opinion. .................9

      3.   Statement that "products do not work" is not pled as false and lacks
           particularity. ...............................................................................................9

      4.   DataSeers's new theory in Count II under O.C.G.A. § 10-1-372(a)(12)
           fails. ..........................................................................................................12

      5.   DataSeers argument for Count IV presents only conclusions.................14

   C. DataSeers's request for leave to amend should be denied.............................14

III.    CONCLUSION...............................................................................................15

## TABLE OF AUTHORITIES

Page(s)

Cases

*Advance Tr. & Life Escrow Servs., LTA v. Protective Life Ins. Co.*,
  93 F.4th 1315 (11th Cir. 2024) .................................................................15

*Am. C.L. Union of Fla., Inc. v. City of Sarasota*,
  859 F.3d 1337 (11th Cir. 2017) ..................................................................3

*Angel Oak Mortg. Sols. LLC v. Mastronardi*,
  593 F. Supp. 3d 1234 (N.D. Ga. 2022) .......................................................9

*Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*,
  915 F. Supp. 2d 1365 (N.D. Ga. 2013) ........................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).....................................................................................14

*Colorado Boxed Beef Co. v. Sherwood Food Distributors*,
  No. 1:07-CV-394-ODE, 2007 WL 9706421 (N.D. Ga. Apr. 10, 2007)..............10

*Crossfit, Inc. v. Quinnie*,
  232 F. Supp. 3d 1295 (N.D. Ga. 2017) .......................................................13

*Davita Inc. v. Nephrology Assocs., P.C.*,
  253 F. Supp. 2d 1370 (S.D. Ga. 2003).........................................................10

*Dixon v. Bank of Am., N.A.*,
  No. 9:19-cv-80022, 2020 WL 13612721 (S.D. Fla. Mar. 6, 2020) .......................6

*DynCorp Int'l v. AAR Airlift Grp., Inc.*,
  664 F. App'x 844 (11th Cir. 2016) ..............................................................6

*Energy Four, Inc. v. Dornier Med. Sys., Inc.*,
  765 F. Supp. 724 (N.D. Ga. 1991) ...............................................................11

*Garraway v. Riu Hotels SA*,
  No. 1:16-cv-02830-WSD, 2017 WL 3485786 (N.D. Ga. Mar. 10, 2017)............2

*Johnson v. Target Corp.*,
  No. 1:23-cv-04400-TWT-CCB, 2024 WL 6981880 (N.D. Ga. July 29, 2024) ..15

*LABMD, Inc. v. Tiversa, Inc.*,

509 F. App'x 842 (11th Cir. 2013) ................................................................2

*Mauck v. Athens Pride, Inc.*,
    922 S.E.2d 870 (Ga. Ct. App. 2025) ..................................................12

*Morrell v. Wellstar Health Sys., Inc.*,
    280 Ga. App. 1 (2006) .......................................................................12

*Most Worshipful Nat'l Grand Lodge v. United Grand Lodge GA AF & AYM, Inc.*,
    No. 1:17-cv-2582-TWT, 2018 WL 4828398 (N.D. Ga. Oct. 4, 2018)................10

*Newton v. Duke Energy Fla., LLC*,
    895 F.3d 1270 (11th Cir. 2018) .........................................................15

*Osmose, Inc. v. Viance, LLC*,
    612 F.3d 1298 (11th Cir. 2010) .........................................................11

*Penalty Kick Mgmt. Ltd. v. Coca Cola Co.*,
    318 F.3d 1284 (11th Cir. 2003) ...........................................................8

*RoadSync, Inc. v. Relay Payments, Inc.*,
    No. 1:21-cv-3420-MLB, 2022 WL 4715656 (N.D. Ga. Sept. 30, 2022) ..........5, 6

*Serveco N. Am., LLC v. Bramwell*,
    No. 4:22-cv-140-MLB, 2023 WL 2583275 (N.D. Ga. Mar. 20, 2023)................3

*TracFone Wireless, Inc. v. Zip Wireless Prods., Inc.*,
    716 F. Supp. 2d 1275 (N.D. Ga. 2010)................................................13

*Young v. Grand Canyon Univ., Inc.*,
    57 F.4th 861 (11th Cir. 2023) ...........................................................12

Statutes

18 U.S.C. § 1839(5) ............................................................................7

O.C.G.A. § 10-1-372(a) ............................................................... 8, 10, 12

O.C.G.A. § 10-1-761(2).......................................................................7, 8

O.C.G.A. § 9-10-91(3)...........................................................................2

Other Authorities

LR7.1(B), NDGa...............................................................................7, 9

Faced with a Motion to Dismiss for lack of personal jurisdiction and for failure to state a claim for relief (Dkt. 24 "MTD"), DataSeers's Response (Dkt. 29, "Response") offers a misplaced legal theory, silence instead of legal analysis, and hunches instead of evidence. In asking this Court to exercise personal jurisdiction over iDENTIFY, DataSeers relies on a website theory that the Eleventh Circuit has rejected, while simultaneously ignoring the constitutional "minimum contacts" test entirely. Recognizing these fatal defects, DataSeers asks for jurisdictional discovery to "test" whether a basis for jurisdiction might exist. But the Court is not a testing ground for speculative claims. The Complaint also fails under Rule 12(b)(6). It does not provide sufficient notice of the bases for the claims and alleges facts that cannot sustain a right to relief. And the Response confirms rather than cures the core defects identified in the Motion.

## I.   PERSONAL JURISDICTION

### A.   DataSeers fails to allege sufficient facts to establish jurisdiction.

DataSeers's opposition to iDENTIFY's Motion to Dismiss fails at the threshold: It does not satisfy any subsection of Georgia's long-arm statute, it relies on a legally insufficient website theory, and—critically—offers no argument at all under constitutional due process. That omission alone requires dismissal.

First, DataSeers suggests it has met subsection (3) of Georgia's long-arm statute because the Complaint (Dkt. 7, the "Complaint") alleged that iDENTIFY

1

"intentionally caused harm to Plaintiff in the State of Georgia" and "has committed a tortious injury in this state." Response at 3. This ignores the plain text of the statute. Subsection (3) applies *only* if a defendant also: (i) "regularly does or solicits business," (ii) engages in a "persistent course of conduct," or (iii) "derives substantial revenue" from goods used or services rendered in Georgia. O.C.G.A. § 9-10-91(3). As explained in the Motion, the Complaint fails to allege sufficient facts to meet any of these requirements. *See* MTD at 7–8. DataSeers ignores these shortcomings and therefore fails to satisfy subsection (3).

Next, DataSeers speculates that there may be contacts in Georgia because iDENTIFY's website claims it has clients "across the country" and advertises "around the world." Response at 3–4 (basing request for discovery on the website's statements). Those passive statements do not contest Mr. Easton's declaration that iDENTIFY has *no* Georgia customers and does not direct its advertising specifically toward Georgia residents. MTD at 5; Dkt. 24-1 ¶¶ 6–7. Moreover, a passive website does not subject a defendant to personal jurisdiction in Georgia merely because it is accessible here. *See LABMD, Inc. v. Tiversa, Inc.*, 509 F. App'x 842, 845 (11th Cir. 2013); *Garraway v. Riu Hotels SA*, No. 1:16-cv-02830-WSD, 2017 WL 3485786, at *3 (N.D. Ga. Mar. 10, 2017) (citing *LABMD*). Accordingly, iDENTIFY's generalized web presence cannot support jurisdiction.

Finally, and most fatally, the Response entirely ignores the requirement of constitutional due process. Personal jurisdiction requires satisfying *both* the long-arm statute *and* due process. MTD at 8–11; *Serveco N. Am., LLC v. Bramwell*, No. 4:22-cv-140-MLB, 2023 WL 2583275, at *2–5 (N.D. Ga. Mar. 20, 2023). DataSeers focuses exclusively on the long-arm statute and provides no argument or citation demonstrating that iDENTIFY has the "minimum contacts" necessary to satisfy due process. DataSeers thus effectively concedes that exercising jurisdiction would violate due process.[1] On this basis alone, the Complaint must be dismissed.

## B. Jurisdictional discovery is not warranted

Lacking a factual basis for its conclusory jurisdictional allegations, DataSeers requests "limited jurisdictional discovery" to cure its pleading defects. Response at 4. This request should be denied because there is no genuine issue of fact to investigate, and the request amounts to a "fishing expedition."

A plaintiff has a "qualified right to jurisdictional discovery" only if it can demonstrate that jurisdictional facts are both genuinely in dispute and intertwined with the merits of the case. *Am. C.L. Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017). Here, there are no jurisdictional facts in dispute; DataSeers does not contest that iDENTIFY "does not have, and has never had any

---

[1] At a minimum, DataSeers effectively concedes its Complaint does not allege facts sufficient to satisfy due process.

customers in Georgia," "has not derived any revenue from goods sold or services rendered in Georgia," and "does not direct advertising or marketing specifically toward Georgia residents." Dkt. 24-1 ¶¶ 6–7. Instead, DataSeers says it wants to "inquire into" potential contacts and "test [iDENTIFY's] claims." Response at 4.

But the purpose of jurisdictional discovery is not to *find* a basis for jurisdiction where one doesn't already exist. Instead, the purpose "is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. It is *not* a vehicle for a fishing expedition in the hopes that discovery will sustain jurisdiction." *Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013) (cleaned up). DataSeers speculates that "given the nature of [iDENTIFY's] business" and the statements on its website, discovery "may reveal" facts sufficient to satisfy Georgia's long-arm statute. Response at 4. But like the plaintiff in *Atlantis Hydroponics*, DataSeers "merely has a hunch that there may be facts—or a desire to find out if there are any facts—that justify the exercise of personal jurisdiction." 915 F. Supp. 2d at 1380. Because hunches are not enough, discovery should be denied.

4

## II.    FAILURE TO STATE A CLAIM.

### A.    Count I does not plead a plausible trade secret claim

*1. The Complaint does not sufficiently allege existence of a trade secret.*

The Response argues the Complaint "outlines specific information" it claims as trade secrets, repeating the list from the Complaint that the Motion argued were too broad. *See* Response at 7–8; MTD at 23. DataSeers argues its description of the trade secrets "is no more vague" than the allegations about "source code" found sufficient in *RoadSync, Inc. v. Relay Payments, Inc.*, No. 1:21-cv-3420-MLB, 2022 WL 4715656 (N.D. Ga. Sept. 30, 2022). Response at 7–8. In *RoadSync*, however, the plaintiff identified discrete functional components it sought to protect, tied to specific features of its product: "its Remote Checkout and robodialer functionality" and "related software (including the 'paycodes' functionality used for Remote Checkout)." *Id.* at *3. The Court concluded the allegations about those "three Checkout functionalities" were "fairly described in the complaint" to sufficiently allege they constituted trade secrets. *Id.* (citing other cases identifying specific functionality).

Here, DataSeers declines to identify any specific components as trade secrets or tie them to any features of its product. Instead, DataSeers lumps broad, discrete categories of information into one "Trade Secrets" definition and merely says they are (all) "integral to the FinanSeer® Products"—itself a "suite" of products and

5

functions rather than a single product. Complaint ¶¶ 8, 11; MTD at 23. This generalization does not plausibly "show a trade secret was involved" or provide "notice of the material [DataSeers] claims constituted a trade secret." *RoadSync*, 2022 WL 4715656, at *2 (quoting *DynCorp Int'l v. AAR Airlift Grp., Inc.*, 664 F. App'x 844, 848 (11th Cir. 2016)). That alone requires dismissal of Count I.

2.  *The Complaint does not sufficiently allege misappropriation.*

Even if Plaintiff had adequately identified a trade secret, the claim fails because it does not allege the requisite *knowledge* for misappropriation. DataSeers attempts to cure this defect by arguing that the term "stole" "implicitly alleges" iDENTIFY "'knew or had reason to know that the [Trade Secrets were] acquired by improper means.'" Response at 8 (quoting the statutory definition(s) of misappropriation and citing Complaint ¶ 14). This fails for two reasons.

First, "stole" is a legal conclusion, not a factual allegation. *See Dixon v. Bank of Am., N.A.*, No. 9:19-cv-80022, 2020 WL 13612721, at *8 (S.D. Fla. Mar. 6, 2020) (holding plaintiffs failed to plead intent where they "merely parrot[ed]" the statute using "words like 'stolen,' 'misappropriated,' and 'criminal'"), *aff'd sub nom. Dixon v. Green Tree Servicing, LLC*, 859 F. App'x 373 (11th Cir. 2021). DataSeers relies on the same conclusory and insufficient labels.

More importantly, DataSeers concedes the Complaint does not *expressly* allege any knowledge by iDENTIFY and even alleges the copying was

6

"accidental." *See* MTD at 24–25; Complaint ¶ 14 (alleging a developer "'accidentally' copied … source code").[2] Such accidental conduct is incompatible with the statutory requirement that a person *knew or had reason to know* the trade secret was acquired by "improper means." 18 U.S.C. § 1839(5); O.C.G.A. § 10-1-761(2).[3] The Complaint thus does not sufficiently allege the knowledge sufficient for misappropriation.

## B.    Counts II and IV do not state claims for relief.

The issues with Counts II and IV are myriad and layered. First, there is no dispute that DataSeers has no claim under the GFBPA and no claim for damages under the GUDTPA in Count II.[4] Second, the GTSA preempts any misappropriation-based conduct from Count II's GUDTPA claim. What is left underpinning both the GUDTPA and tortious interference claims are two statements that DataSeers claims are improper misrepresentations. The first is a non-actionable opinion, and the second is insufficiently pled. Last, DataSeers

---

[2] The Response does not contest the Motion's argument that the "accidentally" allegation indicates that "iDENTIFY did *not* know the information was a trade secret or that it was used." MTD at 25.

[3] The Response only argues iDENTIFY "knew or had reason to know" of improper means as its basis for misappropriation but never mentions the word "accident[ally]." It thus disclaims any theory of misappropriation under subsection (2)(B)(iii) in both statutes.

[4] The Motion raised these issues (MTD at 13–14, 21–22), but DataSeers did not respond or oppose the Motion's requested relief as to them. LR7.1(B), NDGa.

raises a new *catchall* theory for Count II under O.C.G.A. § 10-1-372(a)(12) that

adds nothing, reintroduces the preemption issues, and is also insufficiently pled.

        *1.  Count II is preempted to the extent it is based on misappropriation*

        The parties agree the "key inquiry" for preemption is whether Count II relies

on the "same factual allegations" as those that "underly" the trade secret

misappropriation claim. MTD at 14; Response at 12. But the Response *confirms*

the overlap rather than rebuts it. In DataSeers's words, its "claim for unfair and

deceptive trade practices takes aim at what [iDENTIFY] *did* with the stolen Trade

Secrets—namely, the creation of its infringing product." Response at 12.

        But "aim[ing]" at what iDENTIFY "did with the stolen Trade Secrets" hits

squarely within the GTSA definition of misappropriation as including "use of" a

trade secret. O.C.G.A. § 10-1-761(2)(B). One can be liable for misappropriation if

it "used a 'substantial portion' of the plaintiff's trade secret to create an

improvement or modification that is 'substantially derived' from the plaintiff's

trade secret." *Penalty Kick Mgmt. Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1293

(11th Cir. 2003). DataSeers alleges precisely that. Complaint ¶ 26 ("Defendants

stole Plaintiff's Trade Secrets to create their Infringing Product."); Response at 10

(arguing iDENTIFY "used" trade secrets "to create an infringing product that is

strikingly similar to … FinanSeer®.").[5] A claim based on what iDENTIFY "did with the stolen trade secrets" thus relies on the same facts as the misappropriation claim of Count I. So Count II is preempted to that extent. *Angel Oak Mortg. Sols. LLC v. Mastronardi*, 593 F. Supp. 3d 1234, 1241, 1245 (N.D. Ga. 2022).

### 2. *Statement about "better service" is a non-actionable opinion.*

The statement that iDENTIFY "'can provide a better service' is plainly an opinion, not a statement of fact," and thus is "not 'actionable' under either the GUDTPA or as tortious interference." MTD at 17–18. DataSeers does not respond to or oppose this argument or the cited authority. Instead, it merely repeats the allegations about *both* statements and asserts they are misrepresentations. Response at 9, 13 (citing Complaint ¶¶ 26, 37). Thus, there is no real dispute that providing "better service" is an opinion that cannot provide a basis for relief under either Count. LR7.1(B), NDGa.

### 3. *Statement that "products do not work" is not pled as false and lacks particularity.*

The claims based on this statement fail at the outset because the Complaint does not allege falsity. And even if it had, it pleads no facts making falsity plausible or particularized. DataSeers concedes that both Counts II and IV rely on

---

[5] In an earlier instance, DataSeers argued that when it says iDENTIFY "stole" trade secrets, that "implicitly alleges" misappropriation, citing the statutory definition. Response at 8.

"misrepresentation." See Response at 9, 13 (asserting statement(s) in Paragraphs 16, 26, and 37 are "a false statement that disparages DataSeers's product" in Count II and a wrongful "misappropriation" in Count IV). While the Response asserts that statement (together with the opinion) is "false," it does not dispute that the Complaint contains no such allegation or inference. *See* MTD at 20–21.

That deficiency is fatal because falsity is an essential element of DataSeers's claim. "Courts have generally applied common law defamation principles to claims brought under O.C.G.A. § 10-1-372(a)(8)." *Most Worshipful Nat'l Grand Lodge v. United Grand Lodge GA AF & AYM, Inc.*, No. 1:17-cv-2582-TWT, 2018 WL 4828398, at \*5 (N.D. Ga. Oct. 4, 2018) (citing *Colorado Boxed Beef Co. v. Sherwood Food Distributors*, No. 1:07-CV-394-ODE, 2007 WL 9706421, at \*11 (N.D. Ga. Apr. 10, 2007) (compiling cases)). A plaintiff must therefore allege that "the offending statements were false … and malicious." *Id.* (citing *Davita Inc. v. Nephrology Assocs., P.C.*, 253 F. Supp. 2d 1370, 1380 (S.D. Ga. 2003)) (granting motion to dismiss where plaintiff did "not allege that any of [defendant's] statements were false or misleading, nor that he acted with malicious intent). There are no plausible allegations of falsity or malicious intent here, either. Further, DataSeers disclaims any contention that the statement is misleading, arguing only that it is "false." Response at 9. As noted in the Motion, the Complaint lacks the necessary "context" to evaluate whether the statement (which is not even produced

10

in full) is false or misleading. MTD at 20–21; *Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1308 (11th Cir. 2010).[6] The Response makes no attempt to clarify or contextualize the bare allegations of its Complaint, relying only on the conclusory argument that the statement was "false."

DataSeers also cannot argue it was entitled to plead the statement(s) "on information and belief" because it lacks "direct knowledge" of the original. Response at 10. The use of passive voice to describe what it was "told … by a bank" deliberately hides the true actors and statements from the Court and iDENTIFY. Indeed, if information was "told to DataSeers," then it *should have* direct knowledge of the missing details identified by the Motion. *See* MTD at 21. Yet DataSeers declined to fill any of these gaps with a proposed pleading, declaration, or argument.

Finally, DataSeers argues that the Complaint nevertheless "builds a basis" for the claims from other paragraphs of the Complaint. Under DataSeers's framing, the allegations of misrepresentation "suggest an ongoing plan … to steal DataSeers's business and clients." Response at 10–11. That's debatable, at best, as many businesses hope to win customers from their competitors. DataSeers

---

[6] The distinction between *false* and merely *misleading* is "significant" and can affect what evidence is necessary to prevail on a claim. *See Osmose*, 612 F.3d at 1308–09, 1318–19; *Energy Four, Inc. v. Dornier Med. Sys., Inc.*, 765 F. Supp. 724, 730–32 (N.D. Ga. 1991).

nevertheless asserts it is "plausible" that iDENTIFY "would also make the alleged statements … in furtherance of that plan." Response at 11. That terse argument asks the Court to draw an unsupported, unreasonable inference: That a party who commits misappropriation *would* also disparage another. But a "sheer possibility" of unlawful conduct cannot make a claim "substantively plausible." *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 867 (11th Cir. 2023) (cleaned up). The "products do not work" statement does not raise a right to relief in Counts II or IV.

      4.  *DataSeers's new theory in Count II under O.C.G.A. § 10-1-372(a)(12) fails.*

Last, DataSeers argues the alleged conduct also falls under the catchall subsection as "other conduct which similarly creates a likelihood of confusion or of misunderstanding." O.C.G.A. § 10-1-372(a)(12). Georgia courts "have explained that the word 'similarly' in subsection (a)(12) means a trade practice that creates confusion or misunderstanding in a manner similar to the conduct prohibited in subsections (a)(1) thru (a)(11)." *Mauck v. Athens Pride, Inc.*, 922 S.E.2d 870, 880 (Ga. Ct. App. 2025) (cleaned up) (quoting *Morrell v. Wellstar Health Sys., Inc.*, 280 Ga. App. 1, 6 (2006)), *certiorari denied* (Nov. 18, 2025).

DataSeers argues that "us[ing] DataSeers's Trade Secrets to create an infringing product that is strikingly similar to … FinanSeer® … creates a likelihood of misunderstanding as to the true origin of the product and its underlying Trade Secrets." Response at 9–10. This argument lacks merit. First,

12

DataSeers invokes the "underlying Trade Secrets" to support this claim, which produces the same preemption discussed above. Section II.B.1; MTD at 15.

Second, the Complaint does not plausibly allege that iDENTIFY used any mark or other source identifier of DataSeers in a way that was likely to cause "confusion" or "misunderstanding" as to the source of iDENTIFY's product or service. The Complaint must include these elements to survive a motion to dismiss on this claim. *See Crossfit, Inc. v. Quinnie*, 232 F. Supp. 3d 1295, 1310 (N.D. Ga. 2017) ("The federal Lanham Act analysis governs the analysis … for deceptive trade practices in violation of [GUDTPA]. (citing cases)); *TracFone Wireless, Inc. v. Zip Wireless Prods., Inc.*, 716 F. Supp. 2d 1275, 1283 (N.D. Ga. 2010) (noting primary elements to "state a claim" under the Lanham Act—that plaintiff "has a valid, protectable mark," and that the "use of the mark is 'likely to cause confusion, or to cause mistake, or to deceive'"—and identifying the seven factors the Eleventh Circuit uses to "evaluat[e] whether a likelihood of confusion exists").[7]

At best, the Complaint alleges that iDENTIFY (i) misappropriated some unidentified trade secret(s) that "underly[]" the FinanSeer® Products, and (ii) "'accidentally' copied" unidentified source code, which allowed iDENTIFY to (a) create a product with "striking similarity" and "specifications and design [that]

---

[7] *TracFone* applied the same analysis to the state law deceptive trade practices claims. 716 F. Supp. 2d at 1289.

match" FinanSeer®'s and (b) compete for the same customers. Complaint ¶¶ 11, 13–14, 22. But DataSeers never identifies what aspect of FinanSeer® or its underlying "trade secrets" act as a source identifier and never alleges that customers are likely to be *confused* about the origin of any products. The GUDTPA claim should therefore be dismissed.

     5.  *DataSeers argument for Count IV presents only conclusions*

Lawful competition, opinion statements, and inadequately pled misrepresentation cannot support tortious interference, as discussed above. These defects alone require dismissal of Count IV. Yet the Response helpfully illustrates just how threadbare its pleading are: It sets out and numbers the elements of the tortious interference claim, maps allegations of the Complaint to each numbered element, and concludes without elaboration that it provided "a short plain statement" of the claim. Response at 13–14. The Response thus *presents* the allegations and argument as nothing more than a "formulaic recitation of the elements" and "conclusions," which do *not* need to be accepted as true and do not provide sufficient notice to iDENTIFY. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). Count IV should be dismissed.

**C.    DataSeers's request for leave to amend should be denied**

The last sentence of the Introduction makes a cursory request for leave to amend the Complaint "to the extent that the Court requires additional detail or

14

clarification." Response at 2. There is no other discussion of what facts DataSeers would include if granted such leave or its entitlement to do so.

A standalone request like this "possesse[s] no legal effect." *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018). It is improper to embed a request for leave to amend in an opposition brief. *Id.*; *see also Advance Tr. & Life Escrow Servs., LTA v. Protective Life Ins. Co.*, 93 F.4th 1315, 1335–38 (11th Cir. 2024). Such relief must instead be requested by *motion*, which must "state with particularity the grounds for seeking the order, and state the relief sought." *Newton*, 895 F.3d at 1277 (cleaned up). DataSeers has taken neither step, so its request for leave to amend should be denied. *See also, e.g.*, *Johnson v. Target Corp.*, No. 1:23-cv-04400-TWT-CCB, 2024 WL 6981880, at *6 (N.D. Ga. July 29, 2024) (holding similarly vague request in opposition brief "insufficient"), *report and recommendation adopted*, 2024 WL 6981218 (N.D. Ga. Sept. 9, 2024).

## III.  **CONCLUSION**

The Complaint should be dismissed because (1) the Court lacks personal jurisdiction over iDENTIFY and (2) the Complaint fails to state a claim for relief. Further, the Court should deny DataSeers's request for jurisdictional discovery.

*/Warren J. Thomas/*

Warren J. Thomas (Ga. Bar No. 164714)
John W. Harbin (Ga. Bar No. 324130)
Samuel V.B. Fritz (*pro hac vice*)
**Meunier Carlin & Curfman LLC**
999 Peachtree Street NE
Suite 1300
Atlanta, GA 30309
Tel: 404-645-7700
wthomas@mcciplaw.com
jharbin@mcciplaw.com
sfritz@mcciplaw.com

*Attorneys for Defendant GOiDENTIFY, LLC*

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I certify that this brief has been prepared with one of

the fonts and point selections approved by the Court in LR 5.1.

*/Warren J. Thomas/*
Warren J. Thomas

16